NOT FOR PUBLICATION                                            (Doc. No. 40)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
EVENTS MEDIA NETWORK, INC.,          :
                                     :
                         Plaintiff,  :     Civil No. 1:13-03 (RBK/AMD)
                                     :
        v.                           :
                                     :
THE WEATHER CHANNEL INTERACTIVE,     :     **OPINION**
INC., et al.,                        :
                         Defendants  :
_____  :


**KUGLER**, United States District Judge:

This matter arises out of Plaintiff Events Media Network, Inc.'s ("Plaintiff") claims against Defendants The Weather Channel Interactive, Inc., The Weather Channel Interactive, LLC, and The Weather Channel, LLC (collectively, "Defendants") for misappropriation of trade secrets in violation of the Georgia Trade Secrets Act.  Specifically, Plaintiff claims that Defendants have made unauthorized use of a database that Plaintiff licensed to them from May 2008 until May 2011.  Am. Compl. ¶¶ 10, 14, 23.  Currently before the court is Defendants' motion to dismiss Plaintiff's misappropriation claims (Counts II-IV) for failure to state a claim upon which relief can be granted (Doc. No. 40).  *See* Fed. R. Civ. P. 12(b)(6).  For the reasons stated herein, the Court finds that Plaintiff's Amended Complaint alleges facts sufficient to state plausible misappropriation of trade secrets claims under the Georgia Trade Secrets Act.  Accordingly, the Court will deny Defendants' motion.

I.      **FACTS AND PROCEDURAL HISTORY**

Plaintiff and Defendants entered into a license agreement effective May 1, 2008 in which Plaintiff agreed to provide Defendants with access to a continually updated database of information. Am. Compl. ¶ 14. This database included schedules for and basic logistical information about various leisure events and attractions throughout the United States. Plaintiff compiled the information daily from publicly available sources. *Id.* ¶ 10.

The Content License Agreement granted Defendants broad rights to use and publicly display Plaintiff's information as event listings on their websites. Am. Compl., Exh. A § 3 ("License Agreement"). However, Plaintiff retained proprietary rights to the information covered under the License Agreement and imposed confidentiality requirements on Defendants' use of the information. *Id.* §§ 4, 6. The License Agreement expired on May 1, 2011, but several of its provisions survived the expiration, including those regarding proprietary rights and confidentiality. Am. Compl. ¶ 23. The parties also agreed that Georgia law would govern this contract. License Agreement § 11(i).

After the License Agreement expired, Plaintiff, maintaining that its database constituted a "trade secret" as that term is defined under the Georgia Trade Secrets Act, came to believe that Defendants had misappropriated this protected information both before and after the expiration of the License Agreement by knowingly using the database for purposes outside those permitted by the Agreement, such as for building maps and developing weather products. *Id.* ¶¶ 26-28, 57. Accordingly, Plaintiff filed suit in the Pennsylvania Court of Common Pleas, Philadelphia County on March 27, 2012, asserting numerous claims for relief. The case was initially removed to the Eastern District of Pennsylvania on May 1, 2012 (Doc. No. 1), and then transferred to the

District of New Jersey on November 29, 2012 (Doc. No. 29). Shortly thereafter, on May 6, 2012, Plaintiff filed an Amended Complaint (Doc. No. 6).[1]

Approximately nine months after Plaintiff filed its Amended Complaint, Defendants filed the instant motion to dismiss the Georgia Trade Secrets Act claims (Doc. No. 40). *See* Fed. R. Civ. P. 12(b)(6). Defendants offer two principal arguments in support of their motion. First, they claim that Plaintiff's database cannot qualify as a trade secret since the information it contained was publicly available, and because the licensing agreement permitted Defendants to display the information publicly on their websites. Defs.' Br. in Support of Mot. to Dismiss 11. Second, Defendants assert that even if the information constituted a trade secret, Plaintiff did not take reasonable efforts as required under the Act to maintain its secrecy. *Id.* at 10.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d. Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d. Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to

---

[1] Plaintiff's Amended Complaint includes six Counts in total, including three Counts for misappropriation of trade secrets which are the subject of the instant motion to dismiss. In its first and second misappropriation claims (Counts III-IV), Plaintiff seeks damages for Defendant's alleged misappropriation before and after the expiration of the License Agreement, respectively. Am. Compl. ¶ 12-16. In its third misappropriation claim (Count II), Plaintiff seeks injunctive relief for Defendant's alleged continuing misappropriation since the expiration of the licensing agreement. *Id.* ¶ 11-12. Plaintiff also makes two breach of contract claims: one seeking damages for Defendant's alleged pre-expiration breach (Count VII), the other seeking injunctive relief for Defendant's alleged post-expiration breach (Count VI). *Id.* at 16-19. Plaintiff also made a claim for conversion of its information, which it has since withdrawn (Count I).

"state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

### III.   DISCUSSION AND ANALYSIS

The Georgia Trade Secrets Act affords trade secret protection for information that is not commonly known or available to the public. Ga. Code Ann. § 10-1-761 *et seq.* As this information may take many forms, whether particular information constitutes a trade secret is ultimately a question of fact. *Camp Creek Hospitality Inns, Inc. v. Sheraton Franchise Corp.*, 139 F.3d 1396, 1410-11 (11th Cir. 1998) (citing *Salsbury Lab. v. Merieux Lab.,* 908 F.2d 706, 712 (11th Cir. 1990)). Of particular relevance, the Act specifically applies to so-called "compilations" of information. Ga. Code Ann. § 10-1-761(4).

In this case, Plaintiff describes the database as a compilation, stating that it "compiles [i]nformation for schedules and related information for various local and national events. Such

4

compilations are trade secrets pursuant to the GTSA." Pl.'s Opp. Br. 6. This is the type of information specifically contemplated by the Georgia Trade Secrets Act as deserving of protection. *See* Ga. Code Ann. § 10-1-761(4). Thus, for purposes of surviving Defendants' Rule 12(b)(6) motion to dismiss, Plaintiff has satisfied this pleading requirement.

This is not the end of the matter, however, because a party seeking relief under the Georgia Trade Secrets Act must also satisfy two other threshold requirements. First, the information must derive economic value from being unknown to others. *Id.* § 10-1-761(4)(A). Second, the owner of the information must also take efforts "that are reasonable under the circumstances to maintain its secrecy." *Id.* § 10-1-761(4)(B). Defendants argue that the allegations in Plaintiff's Amended Complaint satisfy neither of these requirements. The Court will consider each of these requirements in turn.

### A. Deriving Economic Value from Being Unknown to Others

Under the Georgia Trade Secrets Act, a compilation of information can qualify as a trade secret even if its individual parts are publicly known and readily available to the public. *See, e.g.*, *Essex Grp. Inc. v. Southwire Co.*, 501 S.E.2d 501, 503 (Ga. 1998) (holding that a compilation of publicly available computer hardware can constitute a trade secret when fashioned into a combination that itself is not publicly available). Specifically, if a company can earn a competitive advantage from compiling publicly available information, those public domain elements may be considered to have been integrated into a finished product that is deserving of trade secret protection. *Id.* (quoting *Water Services, Inc. v. Tesco Chem., Inc.,* 410 F.2d 163, 173 (5th Cir. 1969)). That the parties negotiated the terms of a license agreement can be evidence of competitive advantage and economic value in compilation, since negotiations with a third party indicate that the party values the information in compilation form and is

willing to pay the owner for its use. *Penalty Kick Mgmt. Ltd. v. Coca Cola Co.*, 318 F.3d 1284, 1291 (11th Cir. 2003).

In this case, Plaintiff claims that it does not make its database available to the public or its competitors, and that it derives economic value from the database by licensing it to others on a limited basis. Am. Compl. ¶ 11-12. Defendants argue that the database is simply public information with no independent economic value. Def.'s Br. in Support of Mot. to Dismiss 10-11.

The fact that Plaintiff's individual event listings within its database are public information does not *per se* preclude it from receiving trade secret protection under the Act. Here, Plaintiff compiled public listings to form a database. The database itself has not been disclosed to the public at any point in time, and Defendants were licensed to publicly post only the *individual event listings*, not the *entire database*. Am. Compl. ¶ 16. In addition, that Defendants entered into a license agreement to purchase access to the database strongly suggests that they find it valuable. In general, it appears that Plaintiff has created a business out of compiling public information into easy-to-use databases that it licenses to others for a fee. Thus, Plaintiff's complaint contains sufficient allegations to show that its database may derive economic value from not being generally known to others. Ga. Code Ann. § 10-1-761(4).

**B.  Reasonable Efforts to Maintain Secrecy**

A compilation of information cannot be considered a trade secret unless reasonable efforts have been taken to maintain its secrecy. Ga. Code Ann. § 10-1-761(4)(B). Whether a party has made such efforts is ultimately a question of fact. On a motion to dismiss, then, Georgia state courts have found this requirement satisfied where the party seeking protection has alleged that it placed limits on dissemination of the information it has licensed to another party,

such as by limiting access to those who will directly use it or by requiring that the individuals with access to the information sign confidentiality agreements. *See Avnet, Inc. v. Wyle Lab., Inc.*, 437 S.E.2d 302, 304 (Ga. 1993); *cf. Bacon v. Volvo Serv. Ctr., Inc.*, 597 S.E.2d 440, 443-44 (Ga. Ct. App. 2004) (holding that adequate efforts to maintain secrecy were not present because there were no confidentiality agreements in place and the information was widely available within the company without any password protection). Additionally, the presence of general, company-wide non-disclosure policies can strengthen the contention that adequate efforts were taken to maintain secrecy. *See Paramount Tax & Accounting, LLC v. H & R Block E. Enter., Inc.*, 683 S.E.2d 141, 148 (Ga. Ct. App. 2009) (finding that the secrecy requirement was met upon the plaintiff alleging these type of non-disclosure policies, in addition to limitations regarding which employees could access the information).[2]

  Plaintiff alleges that it placed clear and well-defined limits on the dissemination of the database that it licensed to Defendants. Specifically, Paragraph Six of the Content License Agreement, entitled "Confidentiality," required general confidentiality in the relationship between the parties and required Defendants to limit use of the database to those who required the information for the purposes agreed upon. It further required reporting any inadvertent or improper use or disclosure of the database to Plaintiff so that it could take appropriate remedial action. Although each individual who had access to the database was not required to sign an explicit confidentiality agreement, Defendants themselves agreed to keep the database confidential. Taken as a whole, these limits on disclosure and assurances of confidentiality by

---

[2] The Eleventh Circuit has interpreted the Georgia Trade Secrets Act's secrecy requirement even more broadly than Georgia's state courts, finding, for example, that simply a mutual understanding of confidentiality not formally part of a contract or employment agreement can be enough to meet the Act's secrecy requirement. *See Camp Creek Hospitality Inns, Inc. v. Sheraton Franchise Corp.*, 139 F.3d 1396, 1411 (11th Cir. 1998) (finding that alleged trade secret information provided by an individual hotel to its parent corporation may be a trade secret when similar information was habitually provided with limitations on use, and plaintiff alleged only a "mutual understanding" of confidentiality).

Defendants are sufficient to meet Plaintiff's pleading burden that it took "efforts that are reasonable under the circumstances" to maintain the secrecy of its database.  *See* Ga. Code Ann. § 10-1-761(4)(B).  Thus, Plaintiff's Amended Complaint properly states a prima facie misappropriation of trade secrets claim under the Georgia Trade Secrets Act.

## IV.   CONCLUSION

For the reasons stated above, Defendants' motion to dismiss Plaintiff's Georgia Trade Secrets Act claims (Counts II-IV) will be denied. The court will issue an appropriate order.


Dated:   7/12/2013                                                  /s/ Robert B. Kugler   _
                                                                              ROBERT B. KUGLER
                                                                              United States District Judge