NOT FOR PUBLICATION (Doc. No. 96)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
EVENTS MEDIA NETWORK, INC.,         :
                                    :
        Plaintiff,                  :
                                    :
v.                                  :    Civil No. 13-03 (RBK/AMD)
                                    :
THE WEATHER CHANNEL                 :    **OPINION**
INTERACTIVE, INC., et al.,          :
                                    :
        Defendants.                 :
_____ :

**KUGLER**, United States District Judge:

This matter comes before the Court on Events Media Network, Inc.'s ("EMNI" or "Plaintiff") Motion for Reconsideration of the Court's February 3, 2015, Order. (Doc. No. 96). On that date, the Court granted partial summary judgment in favor of Defendants The Weather Channel Interactive, Inc., The Weather Channel Interactive, LLC, and The Weather Channel, LLC (collectively "Defendants" or "TWC"), finding that there was no disputed issue of material fact regarding whether certain information licensed by Plaintiff to Defendants was a trade secret. Plaintiff now seeks reconsideration of the Court's Order with respect to Counts I-III of the Second Amended Complaint.

For the reasons expressed below, Plaintiff's Motion for Reconsideration will be **DENIED**.

### I. BACKGROUND

On March 27, 2012, Plaintiff filed a Complaint in the Court of Common Pleas, Philadelphia County, Pennsylvania. Defendants filed a timely Notice of Removal on May 1,

2012, removing the matter to the United States District Court for the Eastern District of Pennsylvania. (Doc. No. 1). On November 29, 2012, the case was transferred to this Court pursuant to 28 U.S.C. § 1404(a). (Doc. No. 29). After the Court denied Defendants' Motion to Dismiss, (Doc. No. 48), Plaintiff moved for leave to file an amended complaint, (Doc. No. 56), and filed the Second Amended Complaint ("SAC") on December 5, 2013. (Doc. No. 59).

In Plaintiff's SAC it is alleged that Defendants misappropriated EMNI's trade secrets, in violation of the Georgia Trade Secrets Act ("GTSA"), prior to and after the termination of the Agreements (Counts I-III), and that Defendants are liable for breach of contract as a result of their conduct both prior to and after the termination of the Agreements (Counts IV-VI). Defendants filed a Motion for Summary Judgment on July 31, 2014. (Doc. No. 71). Because Plaintiff failed to show that its Information was a "trade secret" under the GTSA, the Court granted Defendants' Motion for Summary Judgment as to Counts I-III in the SAC. (Doc. Nos. 93, 94).[1] On February 17, 2015, Plaintiff filed the present Motion for Reconsideration, seeking reconsideration of the Court's Order with respect to Counts I-III.

## II. LEGAL STANDARD

While the Federal Rules of Civil Procedure do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such a review. Dunn v. Reed Group, Inc., Civ. No. 08-1632, 2010 WL 174861, at *1 (D.N.J. Jan 13, 2010). Local Civil Rule 7.1(i) directs a party seeking reconsideration to file a brief "setting forth concisely the matter or controlling

---

[1] The Court also granted Defendants' Motion for Summary Judgment as to Counts IV and VI, and denied their Motion for Summary Judgment as to Count V, but Plaintiff has not requested the Court to reconsider its Order with respect to those Counts.

decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i); see also Bowers v. Nat'l Collegiate Athletic Ass'n, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) ("The word 'overlooked' is the operative term in the Rule.") A motion for reconsideration under Rule 7.1(i) is "'an extremely limited procedural vehicle,' and requests pursuant to th[is] rule[ ] are to be granted 'sparingly.'" Langan Eng'g & Envtl. Servs., Inc. v. Greenwich Ins. Co., Civ. No. 07-2983, 2008 WL 4330048, at *1 (D.N.J. Sept. 17, 2008) (citing P. Schoenfeld Asset Mgmt. LLC v. Cendant Corp., 161 F. Supp. 2d 349, 353 (D.N.J. 1992)).

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 170 F.3d 669, 677 (3d Cir. 1999). Reconsideration is not appropriate, however, where the motion only raises a party's disagreement with the Court's initial decision. Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988); see also Schiano v. MBNA Corp., Civ. No. 05-1771, 2006 WL 3831225, at *2 (D.N.J. Dec. 28, 2006) ("Mere disagreement with the Court will not suffice to show that the Court overlooked relevant facts or controlling law, . . . and should be dealt with through the normal appellate process") (citations omitted); United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) ("Mere disagreement with a court's decision normally should be raised through the appellate process and is inappropriate on a motion for [reconsideration]").

As another court in this District succinctly explained, "[a] motion for reconsideration is improper when it is used 'to ask the Court to rethink what it has already thought through—

3

rightly or wrongly.'" Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co. of Md., 744 F. Supp. 1311, 1314 (D.N.J. 1990) (citations omitted). That is to say "[e]ach step of the litigation should build upon the last and, in the absence of newly discovered, non-cumulative evidence, the parties should not be permitted to reargue previous rulings made in the case." Oritani, 744 F. Supp. at 1314. Accordingly, "courts in this District routinely deny motions for reconsideration that simply re-argue the original motion." Altana Pharma AG v. Teva Pharm. USA, Inc., Civ. No. 04-2355, 2009 WL 5818836, at *1 (D.N.J. Dec. 1, 2009).

### III. DISCUSSION

In its motion for reconsideration, Plaintiff fails to cite an intervening change in the controlling law, present newly available evidence, or argue that reconsideration is necessary in order to correct a clear error of law or fact or to prevent manifest unjustice. Indeed, after a review of its arguments, it is evident that Plaintiff is simply arguing that the Court should reconsider its Order because the parties' 2006 Agreement "tightened the restrictions placed upon TWC's use of [EMNI's] proprietary information," (Pl.'s Mot. for Recons. ("Pl.'s Mot.") at 2), and Plaintiff believes the Court failed to take into consideration its estoppel argument. (Id. at 8.) Without saying so explicitly, Plaintiff is asking the Court to re-examine arguments it already discussed and rejected in its original decision. On this basis alone EMNI's motion is denied. See Francis v. TD Bank, N.A., Civ. No. 12-7753, 2014 WL 1628134, at *3 (D.N.J. Apr. 24, 2014) ("Reconsideration is not appropriate, however, where the motion only raises a party's disagreement with the Court's initial decision.") (citing Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 163 (D.N.J. 1988); Schiano v. MBNA Corp., Civ. No. 05–1771, 2006 WL 3831225, at *2 (D.N.J. Dec.28, 2006)).

4

The Court notes that EMNI does not raise any new facts or case law which calls into question the basis of its prior decision concerning TWC's post-2006 Agreement conduct, and ignores the several other independent bases articulated by this Court supporting its decision to grant summary judgment as to the claims encompassing that conduct. The provision added to the 2006 Agreement restricting TWC's use of the Information in programs other than event or attraction listings permitted TWC to continue any prior uses of the Information or portions thereof, and allowed TWC to seek EMNI's permission for additional uses. Based on the language in this provision, the language found elsewhere in the 2006 Agreement, and the facts supported by the record, the Court found this added provision insufficient to convert the Coordinate Data (or the Information generally) into a protectable trade secret under the GTSA, (Opinion at 15, 17), particularly where there was a preexisting use of this Data that EMNI appeared to be aware of. (Id. at 18 n.11.) Plaintiff has not added any new facts or case law through this Motion which give the Court cause to reexamine its findings.[2]

Plaintiff also ignores the Court's other bases for reaching its conclusion. For instance, in its Opinion the Court found that EMNI's data could not be considered a trade secret based on the

---

[2] Plaintiff cites Tank Tech, Inc. v. Neal, Civ. No. 07-20, 2007 WL 2137817, at *8 (E.D. Mo. July 23, 2007), apparently to rehash its argument, not actually raised in this Motion, that EMNI's expense of considerable time and money ought to tip the scales in favor of construing the Information as a trade secret. (Pl.'s Mot. at 3.) Aside from this argument not being before the Court on this Motion, it is also worth noting that Plaintiff fails to describe why a decision from another district court interpreting Missouri law is instructive in this case. Not only does Missouri law require courts to consider "the amount of effort or money expended … in developing the information" as part of its state trade secret law inquiry, Healthcare Servs. of the Ozarks, Inc. v. Copeland, 198 S.W.3d 604, 610 (Mo. 2006), a factor not essential to the trade secret inquiry under Georgia law, see Capital Asset Research Corp. v. Finnegan, 160 F.3d 683, 685 (11th Cir. 1998), the Court in Tank Tech actually rested its decision on the fact that Plaintiff's cause of action was "fatally and inescapably doomed by [Plaintiff's] own lack of secrecy with respect to all of the [information]." Tank Tech, 2007 WL 2137817, at *7. The discussion of the time and money spent on developing the alleged trade secret was merely added as "[an]other consideration[ ] for the Court." Id. at *8. This Court simply does not find Tank Tech on point or helpful to Plaintiff's instant Motion.

fact that (1) EMNI not only permitted, but encouraged TWC to use and publicly display the data in as many places as possible on its website, (Opinion at 14); (2) EMNI emailed more confidential information than necessary when it first sent TWC Coordinate Data, without any confidentiality warnings, (id. at 16-17);[3] (3) EMNI knew of TWC's alleged misuse of the Coordinate Data at least as early as 2006, but possibly as early as 2002, and did nothing to protect the secrecy of its data at the time, (id. at 18 n.11); (4) EMNI distributed and displayed the data on its own website, (id. at 20-21); and (5) the Coordinate Data was readily ascertainable and easy to compile.  (Id. at 22 n.13.)  Any one of these points was sufficient to support the Court's decision to grant summary judgment as to Counts I-III in the Second Amended Complaint, which the Court only notes as further support for denying Plaintiff's request for reconsideration of these claims.

With respect to Plaintiff's argument that TWC be estopped from denying that EMNI's Information was protectable intellectual property, or that TWC in fact admitted that EMNI's Information was protectable intellectual property, EMNI ignores the fact that the Court already determined the "Proprietary Rights" provision had no effect on the Court's determination as to whether or not the record reflected that EMNI had actually intended for TWC to publically publish its Information.  (Opinion at 15; see also id. at 13 (noting that the failure to maintain the

---

[3] Plaintiff now disputes whether the Court properly found that EMNI failed to guard the secrecy of its Coordinate Data on the basis that Patrick Rouse was supposed to be the principal point of contact for TWC, and his account, which housed EMNI's Information, was password protected.  (Pl.'s Mot. at 6-7.)  While the Court has already found otherwise, it notes that Plaintiff undermines its own argument by drawing further attention to the fact that the emails sent to TWC containing more Coordinate Data than necessary were not sent to Patrick Rouse, but were actually sent to Eli Wendkos and Tim Bernas, TWC personnel that were not responsible for managing its obligations or the confidentiality of any Information under the Agreements.  (See Forte Decl. (Doc. No. 71-4), Exs. L, N, O.)  Disclosure to persons without the required password protections suggests EMNI was not taking adequate measures to guard the secrecy of its Coordinate Data.

secrecy of information labeled as "proprietary" or "confidential" precludes protection under the GTSA) (citing Diamond Power Int'l, Inc. v. Davidson, 540 F. Supp. 2d 1322, 1333 (N.D. Ga. 2007)).) The Court considered and summarily rejected Plaintiff's argument on the basis that the various provisions in the Agreements were to be interpreted in harmony with one another, (Opinion at 15), each of the Agreements contained a provision permitting TWC to exploit and use the Information as broadly as possible, (id. at 14), and the fact that EMNI considered the Information proprietary was not intended to destroy the purpose of the other provisions of the Agreements. (Id. at 15.) Plaintiff cites no newly discovered facts or case law, and does not suggest how the Court erred in reaching its determination on this issue. Accordingly, the Court finds no reason to reconsider its decision to reject Plaintiff's argument that TWC be estopped from denying that EMNI's Information was protectable intellectual property, or in the alternative find that TWC had already admitted that EMNI's Information was such.

Because Plaintiff has failed to meet its burden of establishing any basis to grant its Motion for Reconsideration, the Motion will be denied. Plaintiff's arguments are not sufficient to satisfy Rule 7.1's high standard for reconsideration.

IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration will be **DENIED**. An appropriate Order shall enter.

Dated: 6/2/2015            _s/ Robert B. Kugler___
                                                                 ROBERT B. KUGLER

United States District Judge